IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD SANDERS,

    Petitioner,        No. 2:09-cv-3303 KJM KJN P

  vs.

GARY SWARTHOUT, Warden,

    Respondent.        FINDINGS AND RECOMMENDATIONS

/

Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As noted by the Alameda County Superior Court, petitioner raises four different arguments challenging the 2007 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date; "these add up to the contention that the Board has violated petitioner's [federal constitutional right to] due process." (Dkt. No. 12-1 at 27.) For the reasons set forth herein, the undersigned recommends that the petition be denied.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson,

1

490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (the state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.)

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why

parole was denied." Swarthout, at *2-3.

Here, the record reflects that petitioner was present at the 2007 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 18 at 4-79.) According to the United States Supreme Court, the federal due process clause requires no more. Accordingly, petitioner's application for a writ of habeas corpus should be denied.[1]

Finally, in his traverse, petitioner raises a new claim. Petitioner argues that the Board's requirement that petitioner participate in alcoholics anonymous ("AA") violates the Free Exercise Clause of religion in the First Amendment. (Dkt. No. 15 at 4.)

Because petitioner failed to raise this claim in his petition, the court must disregard the claim. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief); Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994) ("we review only issues which are argued specifically

---

[1] Within petitioner's first and second claims, petitioner mentions his sentence is cruel and unusual punishment because it is disproportionate to prisoners serving second degree murder sentences in other states. (Dkt. No. 1 at 14, 24.) Because this claim was not presented in the California Supreme Court, this claim is unexhausted. But in any event, the claim is unavailing. Successful challenges to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-90 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring) (citing Solem). See also Lockyer v. Andrade, 538 U.S. 63, 77 (2003) (two consecutive twenty-five years to life sentences with the possibility of parole did not amount to cruel and unusual punishment); Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of twenty-five years to life imposed for felony grand theft under California's Three Strikes law did not violate the Eighth Amendment).

The instant case does not present an "exceedingly rare" and "extreme" case where the failure of the Board to find petitioner suitable for parole, thus continuing his term of imprisonment, runs afoul of Eighth Amendment law as established by the Supreme Court of the United States. Petitioner was convicted of second degree murder for the shooting death, by machine gun, of an unarmed stranger during a struggle. In view of the decisions noted above, petitioner's sentence is not grossly disproportionate to this crime. See Harmelin, 501 U.S. at 1004-05 (life imprisonment without possibility of parole for possession of 24 ounces of cocaine raises no inference of gross disproportionality). Accordingly, petitioner is not entitled to relief on his Eighth Amendment claim.

and distinctly in a party's opening brief").

But even assuming, arguendo, this court reached the merits of this claim, petitioner's religious claim would fail.[2]

The Constitution guarantees that government may not coerce anyone to support or participate in religion, or its exercise . . . ." Lee v. Weisman, 505 U.S. 577, 587 (1992). In Inouye v. Kemna, 504 F.3d 705, 713 n.7 (9th Cir. 2007), the Ninth Circuit adopted a three part inquiry for determining whether there has been governmental coercion of religious activity. Id. Those inquiries are: (1) has the state acted; (2) does the state action amount to coercion; and (3) is the object of the coercion religious rather than secular? Id., 504 F.3d at 713. In the parole suitability context, the first element of the Inouye coercion test is satisfied if the Board expressly states that the prisoner must participate in the faith-based program at issue.[3] Turner v. Hickman, 342 F.Supp.2d 887, 894-95 (E.D. Cal. 2004) (applying "coercion test" to § 1983 action alleging inmates were required to participate in a faith-based treatment program as a condition for release on parole). The second element is met if the Board advises the prisoner he will not be eligible for parole unless he participates in the particular faith-based program. Id. at 896.

Petitioner has failed to meet the first and second tests described above. Although the Board presiding over petitioner's 2007 suitability hearing discussed the sufficiency of his participation in AA, the Board noted that petitioner had been a regular participant in AA for the last three years. (Dkt. No. 18 at 71.) The Board did not indicate that petitioner was required to participate in AA, NA, or any other faith-based substance abuse program in order to be found suitable for parole. (Dkt. No. 18 at 75-76.) Moreover, despite petitioner's three year participation in AA, petitioner never expressed to the Board that his religious beliefs conflicted

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Programs such as AA and NA are "fundamentally religious" within the meaning of the third element of the coercion test. Turner v. Hickman, 342 F.Supp.2d 887, 896-97 (E.D. Cal. 2004).

with participation in AA or other substance abuse programs offered at his institution of confinement. Indeed, it appears petitioner voluntarily participated in AA based on his testimony at the hearing:

> It [AA] helps me stay focused on the drug situations, you know what I'm saying, to stay away from alcohol. To consistently be on top of who I am. I know if I start with drugs, I can go back [on] the same path. I have too much to lose, I have my family, I have my daughter, I have my fiancee all behind me. And I do not want to disappoint them, as well as myself.

(Dkt. No. 18 at 45.) Accordingly, petitioner's free exercise claim is unavailing on this record.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sand3303.157